IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| ERNEST MARTIN | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:15-CV-171 |
| LOLITA RAMOS, *et al.*, | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Ernest Martin, an inmate currently confined at the W.P. Clements Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Lolita Ramos, Summer Tanner and Layne Walker.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the civil rights complaint be dismissed for failure to state a claim and as frivolous.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds plaintiff's objections lacking in merit. Plaintiff concedes in his objections that he has filed not only one, but two state applications for writ of habeas corpus. By plaintiff's on admission, he was not denied access to courts as he was able to file two state applications for writ of habeas corpus, both which were denied by the state courts. The failure by the state courts to provide petitioner a copy of his trial transcript and other relevant documents did not impede nor prohibit plaintiff from pursuing his state writ of habeas corpus. Furthermore, as

outlined by the Magistrate Judge in his Report and Recommendation, Texas Code of Criminal Procedure 11.07 does not require an applicant to have these documents in order to file a state application for writ of habeas corpus. Plaintiff cites to no other authority establishing he is entitled to these documents and this Court has no independent authority to grant such a request. Plaintiff is free to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 contesting his conviction if he so chooses.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **21** day of **July, 2015.**

_____
Ron Clark, United States District Judge